WILLIAM K. JOHNSON and Others, Copartners, Doing Business under the Firm Name and Style of PRINCE & WHITELY, Appellants, *v.* SINCLAIR CONSOLIDATED OIL CORPORATION, Respondent.

Supreme Court, Appellate Term, First Department, April 12, 1926.

Bills and notes — action to recover on note — defense that plaintiffs' assignors were not holders in due course — note was stolen but plaintiffs' assignors first acquired it before maturity without knowledge of infirmities — plaintiffs' assignors sold note and on learning it had been stolen retook note from purchaser — mere act of taking back note did not deprive plaintiffs' assignors of position of holders in due course.

In an action to recover on a promissory note purchased by the plaintiffs' assignors, defended on the ground that they were not holders in due course in that the note was stolen prior to its sale to them, in which it appears that the note was stolen before it was sold to the plaintiffs' assignors, but that they acquired it before maturity and without knowledge of the infirmity in the title, it must be held that the plaintiffs' assignors were holders in due course notwithstanding that after they sold the note to a third party they were informed that it was a stolen note and retook it from their purchaser, for the mere act of retaking the note does not deprive them of the position of holders in due course.

APPEAL by plaintiffs from a judgment entered in the City Court of the City of New York for the sum of $110.50, costs as taxed, and from the denial of the motion by the plaintiffs at the close of the entire case for the direction of a verdict in favor of plaintiffs against the defendant.

*Greene & Hurd* [*Daniel S. Murphy* of counsel], for the appellants.

*Davis, Wagner, Heater & Holton* [*Charles R. Coulter* of counsel], for the respondent.

LYDON, J. This action was brought by plaintiffs as the owners and holders of a negotiable coupon note for the sum of $1,000

issued by the defendant under the terms of a certain trust indenture. The answer is a general denial although it is admitted that payment of the note was refused; that the trustee did not institute suit and that the note had not been paid. Three separate and distinct defenses are also alleged in the answer. The first is to the effect that the plaintiffs knew at the time the note came into their possession that it had been stolen and that the persons from whom they received it were not the owners thereof and had no right to sell or transfer it to them. The second defense alleges that from and after the date that said coupon note came into their possession and prior thereto the plaintiffs had knowledge of the fact that it had been stolen and received it with notice of the fact that one John S. Paul was the lawful owner and holder thereof. The third defense alleges that the right of action on the note vested exclusively in the trustee.

The facts as disclosed by the record show that a firm by the name of Tobey & Kirk, well-known Chicago stockbrokers (now succeeded by the plaintiffs), carried on business with the firm of Seymour & Co. since September 6, 1921; that on September 7, 1922, Seymour & Co. delivered to Tobey & Kirk for sale three certain negotiable securities, including the note which is the subject of this action, and ordered Tobey & Kirk to purchase against such sale thirty shares of American Telephone and Telegraph Company stock. These orders were executed by Tobey & Kirk as follows:

On September seventh Tobey & Kirk received and sold the three securities received from Seymour & Co.; on the same day they purchased the thirty shares of American Telephone and Telegraph Company stock, which stock cost $868.13 more than the proceeds of the securities sold. Thereafter and on the same day Seymour & Co. delivered to Tobey & Kirk a difference check amounting to $868.13, being the difference between the price of the securities sold and the price of the securities purchased. On or about October 16, 1922, *more than a month later*, Tobey & Kirk first learned that the note had been returned by the purchaser to their New York office as having been stolen, and they replaced it with another note. Prior to this time, however, Tobey & Kirk had made an adjustment of the transaction with Seymour & Co. by which the latter had received from Tobey & Kirk the full value of the note in the form of the shares of American Telephone and Telegraph Company stock which were paid for with the money of Tobey & Kirk. Demand was made on Seymour & Co. to replace the note but they did not do so and shortly thereafter became bankrupts. On November 15, 1922, the note was called for

redemption at 103 per cent of the face amount thereof and there became due thereon $1,030. Tobey & Kirk subsequently sold the business and assets of their Chicago office to the plaintiffs. The note in suit came into the hands of the plaintiffs in that transaction and the plaintiffs are now the owners and holders thereof.

Admittedly the note is overdue and has not been paid. Pursuant to the provisions of the trust indenture securing the note, plaintiffs gave notice to the trustee of the default and requested that action to collect the same be instituted by the trustee. The trustee took no action and plaintiffs then instituted this action.

Upon the trial at the close of the case the plaintiffs made a motion for a direction of a verdict in their favor and the defendant joined in the motion and asked for a directed verdict in its favor. The court granted the motion of the defendant upon the theory that when Tobey & Kirk received back the note from the purchaser to whom they sold it at the direction of Seymour & Co. they did not become holders in due course for value.

The question presented on this appeal is whether Tobey & Kirk (plaintiffs' predecessors in title who acquired the note after it had been stolen) were holders thereof for value. The plaintiffs seek a reversal upon the ground that Tobey & Kirk were innocent purchasers of this negotiable instrument for value and received it without any knowledge of its infirmities and rely for support on the case of *Taft* v. *Chapman* (50 N. Y. 445).

On the other hand, the defendant contends that Tobey & Kirk were under no duty, moral or legal, to receive back from the purchaser the note in question and that when they received it back the second time they did so with full knowledge of its infirmities.

The case of *Taft* v. *Chapman* (*supra*), holding that the title of an innocent party is protected, to whom a negotiable instrument is passed in good faith and for value, although it was stolen or fraudulently put in circulation, is founded upon the possession of the instrument by the assignor at the time of the transfer, and the implication of title arising therefrom, and the credit given upon the faith thereof.

The telephone stock was bought by Tobey & Kirk upon the *credit of the note* and had they not sold the note they would have been entitled to hold it as security for any loss or deficiency arising in the transaction. (*Taft* v. *Chapman, supra.*)

In the light of the well-considered opinion in the *Taft* case it seems to me that Tobey & Kirk must be regarded as holders for value in respect to any transaction entered into or any liability incurred by them at the request of Seymour & Co. upon the credit

of this note after its receipt. They sold the note on the order of their customer to procure funds with which to purchase the stock. The replacement of the note in no way changed their position, and the circumstances accompanying its return cannot be considered as a separate and distinct transaction so as to cast upon Tobey & Kirk knowledge of its infirmities. The replacement was nothing more than a continuation of the original sale. When they received back the stolen note they were entitled to hold it as security for any loss or deficiency arising in the transaction.

It necessarily follows that the court below was not justified in holding that Tobey & Kirk, plaintiffs' assignors, were not holders for value.

The judgment should be reversed, with costs, and judgment directed for the plaintiffs as prayed for in the complaint, with costs.

All concur; present, WAGNER, LYDON and LEVY, JJ.